

1  Lenore L. Albert, Esq.   SBN 210876
2  LAW OFFICES OF LENORE ALBERT
3  7755 Center Avenue, Suite #1100
   Huntington Beach, CA 92647
4  Telephone (714) 372-2264
5  Facsimile (419) 831-3376
   Email: lenorealbert@msn.com
6
7  Attorney for Plaintiff, Marvin Baldwin,
   on behalf of himself and all others similarly situated
8

9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN BALDWIN, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A. successor by merger to BAC Home Loans Servicing, LP, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.   CV 12 - 03993 R (FMOx)<br><br>**CLASS ACTION COMPLAINT**<br><br>**[Demand for Jury Trial]** |

1.      In 2010, Bank of America, N.A. issued a false and misleading press release that it was "stop[ping] foreclosure sales" in "all fifty states" which led people across the United States who were in foreclosure to believe they could enjoy the holiday season without worrying that Bank of America would sell their property at foreclosure. Bank of America never explained "all" didn't really mean "all" as interpreted by a reasonable person.  As a result, the press release caused a false sense of security by distressed

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

1

owners who were then shocked to find out that they lost their property to foreclosure during the holiday season.

## VENUE

2.      The Court has subject matter jurisdiction over this action under 28 USC § 1332 wherein this is a class action over $5,000,000.00 where at least one plaintiff is diverse from one defendant.

3.      The Court has personal jurisdiction over the defendants in this action by the fact that the Defendants are conducting business in the state of California.

4.      Venue is proper in this Court pursuant to 28 USC § 1392 because the action involves real property located in the Central District of California; and pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions on which the claims are based occurred in this District.

## PARTIES

5.      Plaintiff Marvin Baldwin, at all times mentioned herein relevant to this complaint, was the owner of real property commonly known as 5430, 5432A and 5432B Linden Ave., Long Beach, CA 90805.

6.      Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, ("Defendant") is a Delaware business entity, which has its principal place of business in North Carolina, regularly conducts business in the State of

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

2

California and is registered to do business in the State of California and was the servicer of Mr. Baldwin's loan that was secured by his real property.

7.    Plaintiff does not know the true name and capacity of the defendants DOES 1 through 10, inclusive, and as such names said defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the DOE defendant(s) when such information is ascertained.

8.    Plaintiff is informed and believes and alleges thereon that each defendant is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff's damages were proximately caused by the defendants.

9.    Plaintiff is further informed and believes and alleges thereon that each defendant was the agent, servant, representative, and/or employee of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives, and/or employees, and with the permission and consent of their co-defendants.

10.    Additionally, plaintiff is informed and believes and alleges thereon that each defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the actions of every other defendant and that each corporate defendant, if any, was acting as the alter ego of the other in the acts alleged herein.

## FACTUAL ALLEGATIONS

11.     On July 7, 2006, Mr. Baldwin became the owner of real property located at 5430, 5432A, 5432B Linden Ave., Long Beach, CA and took title by a grant deed (hereinafter the "Subject Property").

12.     On March 1, 2007, Plaintiff, as trustor, executed and delivered a deed of trust, conveying the real property described herein, to secure payment on a $584,000.00 note in favor of Lender, J & R Lending, Inc. which then "nominated" MERS as "nominee for Lender…[and] beneficiary under this Security Instrument."

13.     Said deed of trust was recorded against the Subject Property in the Official Records in Los Angeles County, California.

14.     Bank of America, N.A.'s then existent subsidiary, BAC Home Loan Servicing, LP, began servicing Mr. Baldwin's loan.

15.     In 2010, Mr. Baldwin applied for a loan modification.

16.     While working with the bank on a modification of his loan, the Subject Property went into foreclosure by way of a Notice of Default being recorded against his property on August 9, 2010 at 8:00AM at the Los Angeles County Recorder's Office, document number 20101097188.

17.     Two months later, on October 8, 2010 Bank of America, N.A. issued a press release alerting the media and public that it was placing a moratorium on all foreclosures

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

4

(hereinafter "the moratorium"). (A true and correct copy of which is attached as Exhibit A)

> **"BANK OF AMERICA HAS EXTENDED OUR REVIEW OF FORECLOSE DOCUMENTS TO ALL FIFTY STATES. WE WILL STOP FORECLOSURE SALES UNTIL OUR ASSESSMENT HAS BEEN SATISFACTORILY COMPLETED. OUR ONGOING ASSESSMENT SHOWS THE BASIS FOR OUR PAST FORECLOSURE DECISIONS IS ACCURATE. WE CONTINUE TO SERVE THE INTERESTS OF OUR CUSTOMERS, INVESTORS AND COMMUNITIES. PROVIDING SOLUTIONS FOR DISTRESSED HOMEOWNERS REMAINS OUR PRIMARY FOCUS."**

18.    On October 18, 2010 Bank of America issued a follow up press release which is attached hereto as Exhibit B stating in pertinent part "We will continue to delay foreclosure sales in the remaining 27 [nonjudicial foreclosure] states until our review is complete on a state by state basis.  We anticipate over the course of this pause, less than 30,000 foreclosure sales will have been delayed…. Our decision to review our process and later, to extend our review to all 50 states, has been an important step to give customers confidence they are being treated fairly."

19.    Both press releases were issued on Bank of America's website at www.bankofamerica.com.

20.    Plaintiff is informed and believes and alleges thereon that the Host Master of the www.bankofamerica.com website is located in Concord, California, making California the point of dissemination of advertising these press releases nationwide. *In re*

*Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Products Liab. Litig.*, 785 F. Supp.2d 925, 935-936 (CA Cal 2011).

21.     California is one of the 27 nonjudicial foreclosure states and where Mr. Baldwin's Subject Property is located.

22.     As the 2010 winter holiday season approached, the media began publishing reports that Bank of America halted the foreclosures through the holiday period.

23.     Bank of America never issued any press releases or took out advertisements to correct or amend the statements being published by the national media.

24.     Mr. Baldwin, an African American, was a fireman with the Los Angeles County Fire Department and on his days off was an avid news buff, during all relevant times mentioned herein.

25.  .    In his leisure time he avidly watched CNN news,  Channel 7 news, Channel 9 news and regularly read the Los Angeles Times newspaper.

26.     He also listened to talk radio while commuting back and forth to work and would read news on the internet.

27.     These media outlets received the Bank of America press release and republished the story.  It became national news.

28.     As a result, Mr. Baldwin learned of Bank of America's moratorium through the media by watching it on the television news, hearing it on the radio, and reading it in the newspaper and on the internet.

29.     Plaintiff is informed and believes and alleges thereon that Bank of America's press release was republished nationally through the television news, newspapers, the radio and the internet, including but not limited to the news sources Mr. Baldwin gained his information from.

30.     Mr. Baldwin heard of Bank of America's moratorium and was misled into believing that the moratorium included his Subject Property and, as a result, did not believe that his property would be sold at foreclosure in December 2010.

31.     Despite the widespread press release initiated by Bank of America stating that they were placing a moratorium on all foreclosure sales, Bank of America took Mr. Baldwin's Subject Property on December 8, 2010 at foreclosure auction during the midst of the moratorium period.

32.     Mr. Baldwin learned of the sale on December 13, 2010 when he called the trustee sale officer of Recontrust Company, N.A. at 1-800-281-8219 as instructed on the unexecuted Notice of Sale he received in the mail.

33.     He was instructed by Recontrust Company, N.A.'s trustee sale officer to call REO at 1-866-781-0029 because his house foreclosed on December 8, 2010 and was taken by a credit bid at the foreclosure auction.

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

7

34.     Plaintiff was shocked and surprised his home was sold because it was widely advertised in the public media at that time that Bank of America had voluntarily put a moratorium on foreclosure sales during that period, or made it appear to be the state of facts at that time.[1]

35.     No other press release or advertisement was issued by Bank of America between October 8, 2010 and December 8, 2010 informing the general public that the moratorium did not include his property or that it had been lifted during this time period.

36.     Mr. Baldwin did not receive any written notice or telephone call from Bank of America clearly informing him that the moratorium did not include his property.

37.     As a result of defendants' false or misleading press release, Mr. Baldwin was lulled into a false sense of security that he did not have to take any action to ensure he would not lose his property during the moratorium.

38.     Bank of America received favorable press for avoiding foreclosure sales during the holidays.

39.     When in fact Bank of America did not stop all sales during the holidays.

40.     Again in 2011, Bank of America caused another press release to issue that "As the holidays approach, Bank of America will comply with applicable Holiday Moratorium requirements to avoid causing emotional distress to the occupants of a

---

[1] Plaintiff was so shocked, he filed an action in pro per in state court in December 2010.

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

property" and advertised it would not foreclose, evict or relocate persons from November 23-27, 2011 and December 22-26, 2011.

41.     This time, the press release requested borrowers to "place a clarification call" ... during "these moratorium periods..." However, Bank of America did nothing to ensure the republishing by the media included the phone number for the "clarification call." As such, it still refused to police or investigate the republishing of its message and continued to mislead the general public to believe that all homes being serviced by or on behalf of Bank of America were safe from foreclosure or eviction.

## CLASS ALLEGATIONS

42.     Class Definition: Plaintiff brings this suit as a class action pursuant to Business & Professions Code section 17203 on behalf of himself and all other similarly situated persons as a member of a Class defined as follows: All persons who reside in the 27 nonjudicial foreclosure states of the United States and whose real property was being serviced by Bank of America and sold at foreclosure during the moratorium between October 8, 2010 through December 31, 2010.

43.     Sub Class Definition: Plaintiff also brings this suit as a class action pursuant to Business & Professions Code section 17203 on behalf of himself and all other similarly situated persons as defined in paragraph 42 who are specially protected as a minority or due to their race or ethnicity, providing enhanced statutory damages thereby.

44.     Excluded from the Class are the Court, defendants, and their affiliates, subsidiaries, current or former employees, officers, directors, agents, representatives, and their family members.

45.     <u>Numerosity</u>:  The persons who comprise the Plaintiff Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.  Class members are so numerous and are dispersed throughout the United States that joinder of all Class members is impracticable. Class members can be identified, *inter alia*, through records maintained by the Defendants.

46.     <u>Common Questions of Fact and Law</u>:  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Plaintiff Class and will apply uniformly to every member of the Plaintiff Class;

a.   Whether Defendant violated Cal Bus & Prof Code §17500 (or Lanham Act);

b.   Whether Defendant's practice was "unfair" within the meaning of the UCL; and

c.   Whether Defendant's advertisements and other statements were likely to mislead within the meaning of the UCL and the FAL.

d.   Whether Class members lost money or property as a result of Defendant's violations of section 17200 or 17500.

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

47.     The representative Plaintiff(s) will fairly and adequately represent and protect the interest of the Plaintiff Class, and have retained counsel who is competent and experienced in Class Action and foreclosure claims.  There are no material conflicts between the claims of the representative plaintiff and the members of the plaintiff class that would make class certification inappropriate.  Counsel for the plaintiff class will vigorously assert the claims of all members of the plaintiff class.

48.     Defendants have acted or refused to act on grounds generally applicable to the class.

49.     A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings in different courts.  A class action regarding the issues in this case does not create any problems of manageability.

50.     The nature of notice to the proposed class required and/or contemplated is the best practicable method possible and the contemplated defendant's list, when disclosed, would most likely be notice through media outlets, mailing, the internet and other general notices are contemplated to ensure notice.

**FIRST CAUSE OF ACTION**
**UCL §17200 VIOLATION**
**(Against Bank of America, N.A.)**

51.     Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 50 as though set forth in full herein.

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

52.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class and Sub-class described above.

53.     Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business & Professions Code" and reaches past and one-time acts. *Id. See also, Stop Youth Addiction, Inc. v Lucky Stores, Inc.*, 17 Cal4th 553, 570 (1998).

54.     Beginning at an exact date unknown to plaintiff but at least since October 2010, Bank of America has committed acts of unfair competition, as defined by Business & Professions Code §17200, by engaging in the following practices:

a.     Bank of America's policy/practice of issuing press releases of moratoriums on foreclosures violates Business & Professions Code §17500 as more particularly described in that cause of action below where "all" did not mean "all" foreclosure sales were stopped from October 8, 2010 through December 31, 2010 by Bank of America as shown by the foreclosure sale of Mr. Baldwin's property that occurred on December 8, 2010, and consequently, constitutes an unlawful business act or practice *within* the meaning of Business & Professions Code §17200.

12

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

b.      Second, Bank of America's policy/practice of issuing press releases of

moratoriums on foreclosures violates the Lanham Act, in that the press release

was false and misleading in that "all" did not mean "all" foreclosure sales were

stopped from October 8, 2010 through December 31, 2010 by Bank of America

as shown by the foreclosure sale of Mr. Baldwin's property during the

moratorium on December 8, 2010 as more particularly described above in the

factual allegations, and, consequently, constitutes an unlawful business act or

practice within the meaning of Business & Professions Code §17200. (*Kasky v*

*Nike*)

c.      The harm to plaintiff and to members of the general public outweighs the

utility of defendant's policy/practice, and consequently, Bank of America's

practice of issuing press releases of moratoriums on all foreclosure sales during

certain periods of time, such as during the holidays constitutes an unfair business

act or practice within the meaning of Business & Professions Code §17200.

d.      Bank of America's policy/practice of issuing press releases that they are

placing a moratorium on foreclosure activities is likely to mislead the general

public, and consequently, constitutes a fraudulent business act or practice within

the meaning of  Business & Professions Code §17200.

e.      Bank of America's acts of untrue and misleading advertising, as more fully

set forth in the next cause of action below, are incorporated herein by this

reference and are, by definition, a violation of Business & Professions Code section 17200.

55.     The unlawful, unfair, and fraudulent business practices and false and misleading advertising of Bank of America, as described above, present a continuing threat to members of the public in that it gives a false reassurance to a reasonable person in foreclosure that Bank of America will not sell the property at foreclosure during the moratorium.

56.     Plaintiff and other members of the general public have no other adequate remedy at law in that real property is deemed unique, and the plaintiff and other members of the general public lost their opportunity to take advantage of any alternative to foreclosure during the moratorium on the grounds that they were duped by the false advertisement of Bank of America in representing it will "stop foreclosure sales" on real property "to all fifty states." (Exhibit A)

57.     As a result of the aforementioned acts, plaintiff and Class members have lost money or property and suffered injury in fact.  Bank of America received and continues to hold the property belonging to the plaintiff and members of the Class, as well as an undeserved public image of caring about not foreclosing during the holidays.

58.     Mr. Baldwin is a minority and seeks enhanced statutory damages as allowed by statute due to his status and on behalf of all other sub Class members that may receive enhanced damages due to their similar status.

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

14

59.     Finally, stopping this practice furthers the public interest.  Mr. Baldwin is therefore entitled to reasonable attorney's fees under section 1021.5 of the California Code of Civil Procedure.

Wherefore plaintiff demands judgment against defendants as set forth below.

### SECOND CAUSE OF ACTION
### FAL Violation of §17500
### (Against Bank of America, N.A.)

60.     Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 59 as though set forth in full herein.

61.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class and Sub-class described above.

62.     California's Bus & Prof Code §17500 statute provides: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine." *Id.*

63.   Beginning at an exact date unknown to plaintiff but at least since October 8, 2010, Bank of America has committed acts of untrue and misleading advertising, as defined by Bus & Prof Code §17500, by engaging in the following acts and practices with the intent to induce members of the public to forego initiating any alternative opportunity to attempt to save their home from foreclosure during the moratorium period by issuing a press release attached hereto as Exhibits A and B.

64.   The press release attached as Exhibit A and B which stated that it was not going to foreclose on any home in 2010 as stated was an advertisement as that term is defined by Bus & Prof Code §17500.

65. Defendant's advertisement concerned the disposition of real property as required by Bus & Prof Code §17500.

66. Defendant advertised that it intended to place a moratorium on the real property it intended to dispose of by way of foreclosure; and

67. Defendant publicly disseminated advertising which contained a statement which was untrue or misleading, and which the defendant knew, or in the exercise of reasonable care should have known, was untrue or misleading, and which concerned the real property or service or their disposition or performance with regard to the purported moratorium on foreclosing on the properties.

68. In the alternative or in addition to paragraph 67, above, defendant Bank of America publicly disseminated the moratorium press release representing it was halting "all" foreclosures during the holidays leading a reasonable person to believe it meant the moratorium included "all" property being serviced by Bank of America with the intent of not actually stopping "all" foreclosures during the holidays for "all" properties being serviced by Bank of America.

69. Mr. Baldwin heard the press release issued in this State by Bank of America multiple times on national television stations, in major newspapers like the Los Angeles Times and on the internet.

70.     Furthermore, defendant Bank of America owed a duty to Mr. Baldwin and those similarly situated to investigate so as to prevent any false advertising. *People v Forest E. Olson, Inc.*, 137 CalApp3d 137, 139 (1982).

71.     Bank of America breached that duty by failing to self-police and investigate any false advertising by the media after the press release issued.

72.     During the moratorium, Mr. Baldwin and those similarly situated had their homes taken at foreclosure auction.

73.     The acts of untrue and misleading advertising by Bank of America described in this complaint present a continuing threat to members of the public in that Bank of America continues to issue similar press releases during the same holiday period each year that get republished by other media.

74.     Yet, the properties being foreclosed during the moratorium were never widely publicized so the general public never had a chance of discovering "all" didn't really mean "all" foreclosures were stopped.

75.     Plaintiff and other members of the general public have no other adequate remedy at law in that they lost real property which is deemed unique, and the plaintiff and other members of the general public lost their opportunity to take advantage of any alternative to foreclosure during the moratorium on the grounds they were duped by the false advertisement of Bank of America in representing it will "stop foreclosure sales" on all real property "to all fifty states." (Exhibit A)

*CLASS ACTION COMPLAINT*
*Baldwin v Bank of America, N.A.*

76.     As a result, plaintiff and those similarly situated are entitled to restitution pursuant to Cal Bus & Prof Code §17535 as necessary "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful."

77.     As a further result, plaintiff and those similarly situated are entitled to $2,500.00 for each violation and injunctive relief as deemed just.

Wherefore plaintiff demands judgment against defendants as set forth below.

### THIRD CAUSE OF ACTION
#### Aiding and Abetting Violation of §17200
#### (Against Does 1 through 10)

78.     Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 77 as though set forth in full herein.

79.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class and Sub-class described above.

80.     Defendants Doe 1 through 10 knew and were aware of Bank of America's unlawful, unfair or deceptive business practices and untrue and misleading advertising alleged above by virtue of directing the foreclosures, concluding the foreclosures or becoming the beneficiary of the foreclosures on these properties during the moratorium period.

81.     Defendants Doe 1 through 10 aided and abetted/induced these violations by Bank of America in that they commanded or conducted the foreclosure on these properties during the moratorium period.

*CLASS ACTION COMPLAINT*

*Baldwin v Bank of America, N.A.*

Wherefore, plaintiff prays for relief as set forth hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

A. Pursuant to Business and Professions Code sections § 17203 and §17535, and pursuant to the equitable powers of this Court, plaintiff prays that the defendants be preliminarily and permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein (e.g. false/misleading press releases).

B. Pursuant to Business and Professions Code sections § 17203 and §17535, and pursuant to the equitable powers of this Court, plaintiff prays that the defendants are ordered to restore to the general public all funds or property acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business & Professions Code §17200 et seq., or untrue or misleading advertising under §17500 et seq.

C. Actual, Special and General Damages as proven at trial;

D. Statutory damages and civil penalties;

E. Costs of this action, including the fees and costs of experts;

F. Attorneys' fees;

G. Exemplary and Punitive Damages; and

H. Such other and further relief as this Court finds necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: May 8, 2012

LAW OFFICES OF LENORE ALBERT

By: s/Lenore L. Albert
LENORE L. ALBERT, ESQ.
Attorney for plaintiff, Marvin Baldwin and all others similarly situated

20

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA 92647.

On May 8, 2012, I served a copy of the following document(s) described as:

CLASS ACTION COMPLAINT

On the interested parties in this action as follows:

For Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP
David J. Reed, Esq. and Mark Joseph Kenney, Esq.
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite #700
Irvine, CA 92612
Ph: 949-442-7110  Fax: 949-442-7118

[ ] **BY MAIL** – I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Westminster, California, to the aforementioned addressee(s).

[x] **BY EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

[ ] **BY OVERNIGHT MAIL** – I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as Express/Priority Mail for next day delivery at Westminster, California, to the aforementioned addressee(s).

[ ] **BY CM/ECF** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).

[ ] **BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: May 8, 2012

/s/ Lenore Albert
Lenore Albert

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV12- 3993 R (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Lenore L. Albert, Esq. SBN 210876
**LAW OFFICES OF LENORE ALBERT**
7755 Center Avenue, Suite # 1100
Huntington Beach, CA 92647
Telephone: (714) 372-2264

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARVIN BALDWIN, an individual, on behalf of
himself and all others similarly situated,

                                     PLAINTIFF(S)

                    v.

BANK OF AMERICA, N.A., successor by merger to
BAC Home Loans Servicing, LP, and DOES 1 through
10, inclusive.

                                     DEFENDANT(S).

CASE NUMBER

CV 12 - 03993 R (FMOx)

**SUMMONS**

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, __Lenore L. Albert_____, whose address is
7755 Center Avenue, Suite # 1100  Huntington Beach, CA 92647_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                     Clerk, U.S. District Court

Dated: 5/8/12

                    By: _____
                              DENISE VO
                              Deputy Clerk

                              (Seal of the Court)

                                              1146

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARVIN BALDWIN, an individual, on behalf of himself and all others similarly situated,

**DEFENDANTS**
BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, and DOES 1 through 10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lenore L. Albert, Esq.
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100, Huntington Beach, CA 92647

**Attorneys** (If Known)
David J. Reed, Esq. and Mark Joseph Kenney, Esq.
SEVERSON & WERSON
19100 Von Karman Avenue, Suite #700
Irvine, CA 92612

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: CV 12 - 03993 R (FMOx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | NORTH CAROLINA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Lenore Kelleher_   Date 05/07/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |